So Ordered.

Dated: March 3, 2023



Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:                                          Chapter 13
Michael A. Rios and
Janelle R. Rios,                                Case No. 22-21161-kmp
                        Debtors.

## DECISION AND ORDER MODIFYING AUTOMATIC STAY

The issue presented in this case is whether the Internal Revenue Service is entitled to relief from the automatic stay based on a lack of adequate protection of its alleged interest in the Debtors' Social Security benefits. For the reasons set forth below, the Court will modify the stay.

The Debtors in this Chapter 13 case owe federal taxes dating back to 2005. Claim No. 7-5; Schedule E/F, Docket No. 1 at 22. According to the IRS's proof of claim, the Debtors owe the IRS a total of $260,611.60 for their past due federal taxes. Claim No. 7-5. The IRS has offered the following breakdown of its claim: a secured claim in the amount of $220,204.28, an unsecured priority claim in the amount of $31,805.45, and a general unsecured claim in the amount of $8,601.87. *Id.* The IRS has acknowledged that it did not file a notice of federal tax lien covering the taxes at issue. Docket No. 41 at 5 n.3.

In their bankruptcy schedules, the Debtors reported that most of their income consists of Social Security benefits. Schedule I, Docket No. 1 at 36-37. Mr. Rios receives $2,138 per month in Social Security benefits. *Id.* He also receives $1,578 in monthly take-home pay from his work as a security guard and counts monthly prorated tax refund income of $102 for a total monthly income of $3,818. *Id.* Mrs. Rios is retired. *Id.* She receives $1,166 per month in Social Security benefits and $808 per month in pension or retirement income for a total monthly income of $1,974. *Id.* After deducting their monthly expenses from their monthly income, the Debtors have a combined monthly net income of $2,258. Amended Schedule J, Docket No. 35.

The Debtors proposed a Chapter 13 plan calling for payment of their monthly net income of $2,258 to the Chapter 13 Trustee. *See* Amended Chapter 13 Plan, Docket No. 36. The plan payments will be used to pay the $30,007.86 arrearage on the first mortgage on the Debtors' home, the $28,148.28 arrearage on the second mortgage on the Debtors' home, a $7,725.00 claim secured by the Debtors' 2010 Toyota Prius, a $23,466.22 secured claim held by the Wisconsin Department of Revenue, the Chapter 13 Trustee's fees, and the Debtors' attorneys' fees. *See* Chapter 13 Plan, Docket No. 2; Claim No. 14-1; Claim No. 12-1, Claim No. 15-1. The Debtors also proposed to pay a priority claim held by the Wisconsin Department of Revenue in the amount of $612.00 and the priority portion of the IRS claim, which they assert is $31,716.26.[1] Chapter 13 Plan; Claim No. 15-1; Docket No. 32 at 9. Their plan proposed no payment on general unsecured claims.

The Debtors and the IRS disagree about the status of the IRS's claim in this case and the permitted treatment of the claim in the Debtors' Chapter 13 plan. That disagreement has resulted in three matters pending before the Court. The Debtors have objected to the IRS's proof of claim, asserting that the IRS's entire claim is unsecured and $31,716.26 of the claim is entitled to be treated as a priority claim under 11 U.S.C. § 507(a)(8)(A). Docket No. 32. The IRS has objected to confirmation of the Debtors' Chapter 13 plan because the plan does not provide for payment of what it asserts is a secured claim of $220,204.28. Docket No. 49. The IRS has also filed a motion for relief from the automatic stay. Docket No. 41.

The IRS seeks relief from the automatic stay to implement its right of setoff and/or to enforce its statutory liens on the Debtors' Social Security benefits. Docket No. 41, p. 15. The IRS filed the motion because the filing of the Debtors' bankruptcy petition automatically stayed "any act to collect, assess, or recover a claim against the [Debtors] that arose before the commencement of the case" and automatically stayed "the setoff of any debt owing to the [Debtors] that arose before the commencement of the case." 11 U.S.C. § 362(a)(6)-(7).[2] It asserts that neither its setoff right nor its lien interest is adequately protected.

---

[1] There appears to be a discrepancy of $89.19 between what the Debtors believe is the amount of the IRS's priority unsecured claim and what the IRS believes is the amount of the IRS's priority unsecured claim. The Debtors' objection to the IRS's proof of claim asserted that the amount of the IRS's priority unsecured claim was $31,716.26. Docket No. 32 at 9. The IRS's subsequent amendment to its proof of claim asserted that $31,805.45 of its claim is entitled to priority under 11 U.S.C. § 507(a)(8). Claim No. 7-5. The Debtors' plan provides that "debt amounts listed on a filed proof of claim control over any contrary amounts." Docket No. 2 at 5. At the preliminary hearing on the claim objection, counsel for the Debtors stated that the only remaining issue raised in the claim objection was whether the tax debt for 2005 to 2012 was a secured claim, so it may be that the Debtors have adopted the amount of the priority unsecured claim stated in the IRS's proof of claim.

[2] Attached to the IRS's motion for relief from stay was a letter asking the Social Security Administration to freeze "$1500 for Michael A. Rios and $758 for Janelle R. Rios (totaling $2,258 which is the amount they report as disposable monthly net income on Schedule J)" until the Court adjudicated the IRS's motion for relief from stay, relying on *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995). Docket No. 41-1.

The Bankruptcy Code provides that the Court "shall" grant relief from the automatic stay of 11 U.S.C. § 362(a) on request of a party in interest "for cause, including the lack of adequate protection of an *interest in property* of such party in interest." 11 U.S.C. § 362(d)(1) (emphasis added). When a debtor is required to provide adequate protection of an entity's interest in property, adequate protection may be provided by

    (1)    requiring cash payments to the entity to the extent the automatic stay or use of the property results in a decrease in the value of such entity's interest in such property;

    (2)    providing to the entity an additional or replacement lien to the extent that such stay or use of property results in a decrease in the value of such entity's interest in such property; or

    (3)    "granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

11 U.S.C. § 361.

In ruling on a motion for relief from stay, the Court only determines whether the creditor has a "colorable" claim against a debtor's property and "questions of the validity of liens are not generally at issue." *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1234 (7th Cir. 1990); *In re Bailey*, 574 B.R. 15, 17 (Bankr. D. Me. 2017) ("There is no dispute that the IRS, as a creditor of [the debtor] with a 'colorable' tax claim against [the debtor's] property, has standing to seek relief from stay."); *In re Pansier*, 2019 WL 949898 (Bankr. E.D. Wis. 2019) (in ruling on the IRS's motion for relief from stay, "the Court is not deciding whether or to what extent the [IRS] may enforce its lien against [the debtor's] pension – only whether the [IRS] has a colorable claim to the property, which is sufficiently plausible, to allow the IRS to pursue its rights elsewhere."). The "decision to lift the stay is not an adjudication of the validity . . . of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 34 (1st Cir. 1994).

The IRS has demonstrated a "colorable" interest in the Debtors' property. Pursuant to 26 U.S.C. § 6321, before the Debtors filed this bankruptcy case, the IRS obtained tax liens on "all property and rights to property" of the Debtors, including their Social Security benefits. Section 6321 of the Internal Revenue Code provides:

    If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any

> costs that may accrue in addition thereto) shall be a lien in favor of
> the United States upon *all property and rights to property*, whether
> real or personal, belonging to such person.

26 U.S.C. § 6321 (emphasis added). According to the Supreme Court, this statutory language is "broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985). "When Congress so broadly uses the term 'property,' we recognize . . . that the Legislature aims to reach 'every species of right or interest protected by law and having an exchangeable value.'" *Drye v. United States*, 528 U.S. 49, 56 (1999) (citations omitted). "Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes." *National Bank of Commerce*, 472 U.S. at 720 (quoting *Glass City Bank v. United States*, 326 U.S. 265, 267 (1945)).

A federal tax lien "arise[s] at the time the assessment is made" and continues until the taxpayer's liability "is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322; *National Bank of Commerce*, 472 U.S. at 719. In this case, the IRS's federal tax liens arose against the Debtors' property on the dates that the IRS assessed the taxes. The IRS's proof of claim reveals that its tax liens arose on the following dates of assessment:

| Tax Period | Date Tax Assessed |
|------------|-------------------|
| 12/31/2005 | 08/16/2010 |
| 12/31/2008 | 12/27/2010 |
| 12/31/2009 | 06/07/2010 |
| 12/31/2010 | 04/29/2013 |
| 12/31/2011 | 04/29/2013 |
| 12/31/2012 | 09/02/2013 |
| 12/31/2012 | 06/08/2015 |

*See* Claim No. 7-5.

These federal tax liens arose against "all property and rights to property" of the Debtors on the dates of the assessments. *See* 26 U.S.C. §§ 6321-6322. "All property and rights to property" includes the Debtors' rights to receive future payments from their Social Security benefits. *Bailey*, 574 B.R. at 18. "It is firmly established in case law that a 'federal tax lien attaches to a then existing right to receive property in the future.'" *In re Wesche*, 193 B.R. 76, 77 (Bankr. M.D. Fla. 1996) (citation omitted) (holding that IRS lien attached to debtor's post-petition pension payments); *see In re Anderson*, 250 B.R. 707, 710 (Bankr. D. Mont. 2000) (holding that pre-petition federal tax liens attach to post-petition Social Security benefits); *In re Morris*, 1993 WL 525657 (Bankr. W.D. Tenn. 1993) (federal tax lien attached to "right to property" in Social Security disability benefits before issuance of check); *Wessel v. United States (In re Wessel)*, 161 B.R. 155, 159-60 (Bankr. D.S.C. 1993) (federal tax lien attached to post-petition annuity payments because contractual right to receive those payments arose pre-

4

petition); *see also Pansier v. United States*, 225 B.R. 657 (E.D. Wis. 1998) (collecting cases and stating that "when a debtor has an unqualified right to receive certain payments, such as disability benefits, prior to the date on which he files bankruptcy, the right to receive those future payments constitutes 'property,' or at least a 'right to property,' acquired pre-petition for purposes of section 6321."). The IRS's tax liens on the Debtors' property, including the Debtors' rights to receive future Social Security benefits, remain in effect until the taxes are paid. 26 U.S.C. § 6322.

It is undisputed in this case that the IRS did not file a Notice of Federal Tax Lien related to any of the taxes assessed by the IRS pursuant to 26 U.S.C. § 6322 referenced in the chart above. The lack of a Notice of Federal Tax Lien does not affect the validity of the federal tax liens against the Debtors. Section 6322 of the Internal Revenue Code clearly provides that the federal tax liens arose against the Debtors' property as of the date of the assessments. *See* 26 U.S.C. § 6322. The IRS's failure to file a Notice of Federal Tax Lien merely affects the validity of the IRS's liens against third parties. *See* 26 U.S.C. § 6323 ("The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until [the Notice of Federal Tax Lien] has been filed. . . .").

Due to the IRS's failure to file a Notice of Federal Tax Lien, there is perhaps an argument that the exemptions section of the Bankruptcy Code eliminates the IRS's lien on the Debtors' Social Security benefits. Section 522(c)(2)(B) provides that exempt property is only liable for a debt secured by a tax lien where a notice of federal tax lien is properly filed. Applying this argument to the facts of this case, if the Debtors' Social Security benefits are exempted from the Debtors' bankruptcy estate, the Social Security benefits, as exempt property, are not liable for the taxes owed to the IRS because no Notice of Federal Tax Lien has been filed. Taking this argument to its logical conclusion, if the IRS does not have an "interest in property" that is entitled to adequate protection, then the IRS's motion for relief from stay should be denied.

The problem with this argument is that it contains an erroneous assumption. It assumes that the Social Security benefits have been **exempted** from the Debtors' bankruptcy estate. In fact, the Debtors' Social Security benefits are **excluded** from the Debtors' bankruptcy estate. Social Security benefits are not property of the Debtors' bankruptcy estate. *See* 42 U.S.C. § 407; *Carpenter v. Ries (In re Carpenter)*, 614 F.3d 930, 936 (8th Cir. 2010) (holding that the Social Security Act "automatically and completely excludes social security proceeds from the bankruptcy estate"); *see also Hildebrand v. Social Sec. Admin. (In re Buren)*, 725 F.2d 1080 (6th Cir. 1984), *cert. denied*, 469 U.S. 818 (1984). The IRS and the Debtors agree that the Debtors' Social Security benefits are not property of their bankruptcy estate. IRS Motion for Relief from Stay, Docket No. 41, p. 12-13; Debtors' Brief, Docket No. 54, p. 3. It is a fundamental rule that "no property can be exempted (and thereby immunized) . . . unless it first falls *within* the bankruptcy estate." *Owen v. Owen*, 500 U.S. 305, 308 (1991) (emphasis in original). Because the Debtors' Social Security benefits never came into the bankruptcy estate, they were not "exempted" under 11 U.S.C. § 522. Nothing in § 522(c) prevents the Debtors' Social Security benefits from remaining liable for a debt secured by the tax lien. *See United States v. Rogers*,

558 F. Supp. 2d 774, 785 (N.D. Ohio 2008) ("§ 522(c)(2)(B) becomes irrelevant if the Pension Plan interests were excluded rather than exempted. Property excluded from the estate would be subject to an unfiled tax lien."). The IRS continues to have a federal tax lien on the Debtors' right to Social Security benefits in accordance with 26 U.S.C. §§ 6321-6322. Thus, the IRS has an "interest in property" and that interest must be adequately protected or the IRS is entitled to relief from the automatic stay.

The Debtors argue that they do not need to provide adequate protection of the IRS's interest in their Social Security benefits because the IRS is not a secured creditor under 11 U.S.C. § 506(a). This argument fails to consider that the Court is required to grant relief from the automatic stay on the request of a party in interest for cause when the debtor fails to adequately protect that party's "interest in property." 11 U.S.C. § 362(d). Section 362(d)(1)'s requirement to provide adequate protection is not limited to creditors holding secured claims as determined by § 506(a). Instead, it applies more broadly to parties in interest having "an interest in property." The Court need not determine whether the IRS is a secured creditor under § 506(a) to determine whether it has an "interest in property."

In this case, the Internal Revenue Code provides the IRS with an "interest in property." Before the Debtors filed this bankruptcy case, the IRS obtained tax liens on "all property and rights to property" of the Debtors, including their right to Social Security benefits. 26 U.S.C. § 6321. The federal tax liens arose at the time the assessments were made. 26 U.S.C. § 6322. The IRS has an "interest in property" in the form of its lien on the Debtors' right to Social Security benefits and that interest must be adequately protected or else the IRS is entitled to relief from the automatic stay.

The Debtors offer no proposal to adequately protect the IRS's lien on the Debtors' Social Security benefits. Over the 60-month term of their Chapter 13 plan, the Debtors intend to pay $134,268 to the Trustee. *See* Chapter 13 Plan, Docket No. 2; Amended Chapter 13 Plan, Docket No. 36. The Debtors intend to use IRS collateral of $198,240 (*i.e.*, their Social Security benefits) to cover their expenses and make their plan payments. The plan proposes to pay the IRS priority claim in the amount of $31,805.45 but does not propose to pay anything to the IRS on the remainder of its $260,611.60 claim. Instead, the rest of the Debtors' plan payments are slated to go towards paying the arrearage on the first mortgage on the Debtors' home, the arrearage on the second mortgage on the Debtors' home, a loan secured by a vehicle, the Wisconsin Department of Revenue, the Chapter 13 Trustee, and the Debtors' bankruptcy attorney. The Debtors intend to spend their Social Security benefits (*i.e.*, use the IRS's collateral) to pay other creditors and to pay their expenses. This will result in a decrease in the value of the IRS's lien interest in its collateral. The Debtors do not propose adequate protection to the IRS in exchange for spending its collateral.

Other courts have granted relief from stay under circumstances where debtors offered the IRS more in the way of adequate protection than the Debtors offer here. In one such case, the IRS sought relief from stay to enforce its federal tax liens on the debtor's pension accounts and

right to Social Security benefits and apply the funds to past tax obligations. *In re Bailey*, 574 B.R. 15 (Bankr. D. Me. 2017). The debtor proposed to pay the cash value of the IRS's security interests in his pension and Social Security benefits through a third-party loan. The bankruptcy court rejected the debtor's contention that this constituted adequate protection of the IRS's interest under 11 U.S.C. § 361. The debtor had "not provided the IRS with a specific plan to adequately protect it," instead proposing "that the collateral will be valued and he will borrow enough money to pay it off." *Id.* at 18. The court determined that the "proposal may indeed work at some time in the future but the current state of affairs—[the debtor] receives the monthly payments from his pension and social security benefits and he uses them for his expenses and to fund his plan—erodes the IRS's collateral." *Id*. The court found cause to grant the IRS's motion for relief from stay. *See also IRS v. Snyder*, 343 F.3d 1171, 1179 (9th Cir. 2003) (opining that the IRS had the option to "seek relief from the automatic stay in order to enforce its liens" on non-estate property during the bankruptcy case or to "wait until the conclusion of the bankruptcy proceeding").

The IRS has demonstrated an interest in the Debtors' property, a pre-petition lien on the Debtors' Social Security benefits, that is entitled to adequate protection. Because the Debtors have not proposed adequate protection of the IRS's interest in that property, the IRS is entitled to relief from the automatic stay. The motion for relief from stay states that "the IRS only plans to levy a combined sum equal to the amount of the Debtors disposable income as reported on their amended Schedule J." Docket No. 41, p. 1. The Court takes no position on the amount the IRS may be entitled to under applicable nonbankruptcy law, but notes that the calculation under applicable nonbankruptcy law may be entirely different from the calculation of monthly net income in a bankruptcy case as reported on Schedule J.

The IRS has requested that the Court "modify the automatic stay to allow the United States to levy $2,258 from Debtors' combined monthly Social Security payments to implement its right of setoff and/or to enforce its statutory liens to the extent the Debtors have 'rights to property' under IRC § 6321." Docket No. 55, p. 14; *see* Docket No. 41, p. 14-15. During oral argument, counsel for the IRS stated that this would be the first time a court would address head on whether Social Security benefits can be properly set off against pre-petition tax debt. The Court declines the IRS's invitation to be the first court in the country to decide that Social Security benefits can be set off against pre-petition tax debt. *See Berg v. Social Sec. Admin.*, 900 F.3d 864 (7th Cir. 2018). The Court has solely determined in this decision that cause exists to modify the stay so that the IRS can enforce its statutory liens on the Debtors' right to Social Security benefits.

IT IS THEREFORE ORDERED: the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Internal Revenue Service to enforce its federal tax liens securing tax liabilities for tax periods 2005 and 2008 through 2012 on the Debtors' right to Social Security benefits in accordance with applicable nonbankruptcy law.

IT IS FURTHER ORDERED: all other relief requested in the motion is denied.

#####