So Ordered.

Dated: June 16, 2023



Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:  
Michael A. Rios and  
Janelle R. Rios,  
        Debtors.

Chapter 13

Case No. 22-21161-kmp

**DECISION AND ORDER DENYING
DEBTORS' MOTION FOR A STAY OR AN INJUNCTION PENDING APPEAL**

The Debtors in this Chapter 13 bankruptcy case seek a stay of the Court's order granting relief from the automatic stay to the Internal Revenue Service based on a lack of adequate protection of its federal tax lien on the Debtors' Social Security benefits. In the alternative, they seek an "entry of injunction" related to that order. For the reasons that follow, the Court denies the motion.

The Court entered an order modifying the automatic stay of 11 U.S.C. § 362(a) "to permit the Internal Revenue Service to enforce its federal tax liens securing tax liabilities for tax periods 2005 and 2008 through 2012 on the Debtors' right to Social Security benefits in accordance with applicable nonbankruptcy law." Docket No. 66 at 7. The Debtors have filed a Notice of Appeal of that order. According to the IRS, after the Debtors' Notice of Appeal was filed, the IRS exercised its right to enforce its statutory tax liens and received its first installment of the Social

Security benefits. Docket No. 85 at 1. The Debtors then filed this motion for an "order to stay, or entry of injunction, the bankruptcy court's March 3, 2023 decision granting relief of the automatic stay to the Internal Revenue Service to levy the debtors' Social Security benefits pending the outcome of the debtors' appeal." Docket No. 79 at 1.

The Debtors' motion states that they "move this court for an order to stay, or entry of injunction, the bankruptcy court's March 3, 2023 decision granting relief of the automatic stay to the Internal Revenue Service to levy the debtors' Social Security benefits pending the outcome of the debtors' appeal." Although this language is unclear, the Debtors seem to be asking the Court to "stay" its order pending appeal and perhaps to also "grant an injunction" while the appeal is pending as provided under Rule 8007 of the Federal Rules of Bankruptcy Procedure.[1] The Court will first address the Debtors' request for a stay pending appeal.

A bankruptcy court may stay its judgment, order, or decree pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A). To determine whether to grant a stay pending appeal, the Court considers (1) the moving party's likelihood of success on the merits; (2) the irreparable harm that will result to each side if the stay is either granted or denied in error; and (3) whether the public interest favors one side or the other. *A&F Enters., Inc. II v. IHOP Franchising LLC (In re A&F Enters., Inc. II)*, 742 F.3d 763, 766 (7th Cir. 2014) (observing that the standard mirrors that for granting a preliminary injunction). Parties seeking a stay pending appeal have "threshold burdens to demonstrate . . . that they have some likelihood of success on the merits and that they will suffer irreparable harm if the requested relief is denied." *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997). "If the movant can make these threshold showings, the court then moves on to balance the relative harms . . . using a 'sliding scale' approach." *Id.* at

---

[1] The Debtors cite to Rule 8005 of the Federal Rules of Bankruptcy Procedure as the basis for their motion, but this is incorrect. The Rules were updated in 2014 and what used to be Rule 8005 is now Rule 8007.

1300-01. Under this approach, "the more likely it is the [movant] will succeed on the merits, the less the balance of irreparable harms need weigh towards its side; the less likely it is the [movant] will succeed [on the merits], the more the balance [of irreparable harms] need weigh towards its side." *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992) (citation omitted). If the movant fails to demonstrate that it has a "likelihood of success on the merits" or that it will suffer "irreparable harm" if the requested relief is denied, then "the court's inquiry into the balance of harms is unnecessary, and the stay should be denied without further analysis." *Forty-Eight Insulations, Inc.*, 115 F.3d at 1300-01.

The Debtors have failed to make the threshold showing that they will suffer "irreparable harm" absent a stay. The Debtors' allegation of harm hinges on the consequences of not receiving their Social Security benefits. The motion states that "the debtors will suffer irreparable harm because their case will almost certainly be dismissed due to their Social Security benefits being levied by the IRS." Docket No. 79 at 3. Presumably, their line of reasoning is that they intend to use their Social Security benefits to make their Chapter 13 bankruptcy plan payments, and if they are not receiving their Social Security benefits, they cannot make the plan payments. If they cannot make their plan payments, their case may be subject to dismissal.

However, granting a stay pending appeal would not cause the Debtors to begin receiving their Social Security benefits. Even if the Court were to grant the motion, the IRS asserts it will renew its request that the Social Security Administration freeze the Debtors' benefits. Docket No. 85 at 2-3, 9.[2] Thus, the Debtors will not receive payment of their Social Security benefits

---

[2] Attached to the IRS's motion for relief from stay was a letter asking the Social Security Administration to freeze "$1500 for Michael A. Rios and $758 for Janelle R. Rios (totaling $2,258 which is the amount they report as disposable monthly net income on Schedule J)" until the Court adjudicated the IRS's motion for relief from stay, relying on *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995). Docket No. 41-1.

3

while the appeal is pending regardless of the action the Court takes on the motion. The Debtors will not be able to contribute their Social Security benefits towards their Chapter 13 plan payments even with a stay of this Court's order, so the lack of receipt of Social Security benefits and any results stemming from that does not constitute irreparable harm that the Debtors would suffer absent a stay of this Court's order.

The Debtors have also failed to make the threshold showing that they have a "likelihood of success on the merits" of their appeal. The first issue that the Debtors intend to raise on appeal is that this Court erred in deciding that the IRS's statutory lien as provided by 26 U.S.C. § 6321 encumbers future Social Security benefits. Section 6321 clearly provides that the IRS tax lien arises against "all property and rights to property." The Supreme Court has said that this language is "broad" and "reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985) ("Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes.").³ The IRS's statutory lien attached to all of the Debtors' property and rights to property, including their Social Security benefits.

In its decision granting the IRS relief from the automatic stay, this Court reviewed a significant amount of authority that supports the proposition that a tax lien arising under 26 U.S.C. § 6321 encumbers the stream of Social Security benefits received during a bankruptcy case. The lien under § 6321, which attaches to "all property and rights to property," attaches to a debtor's rights "to receive future payments from his pension and Social Security benefits." *In re*

---

³ This is unsurprising. "Taxes are the life-blood of government, and their prompt and certain availability an imperious need." *National Bank*, 472 U.S. at 734 (citing *Bull v. United States*, 295 U.S. 247, 259 (1935)). As a result, Congress has created a "formidable arsenal of collection tools [] to ensure the prompt and certain enforcement of the tax laws in a system relying primarily on self-reporting." *United States v. Rodgers*, 461 U.S. 677, 683 (1983).

4

*Bailey*, 574 B.R. 15, 18 (Bankr. D. Me. 2017) (granting IRS relief from automatic stay to enforce its lien on debtor's "monthly payments from his pension and social security benefits" that debtor was using to fund his Chapter 13 plan because that use "erodes the IRS's collateral"). Other courts have agreed that "all property and rights to property" includes a debtor's right to receive future payment of Social Security benefits.[4] The Debtors do not cite any authority to the contrary in their motion requesting a stay pending appeal, so the Debtors have failed to demonstrate a likelihood of success in showing on appeal that this Court erred in deciding that the IRS's statutory lien as provided by 26 U.S.C. § 6321 encumbers the Debtors' rights to receive future payments from their Social Security benefits.

The second issue that the Debtors intend to raise on appeal is not entirely clear from the motion that has been filed. As best the Court can tell, the Debtors are arguing that the IRS is not a secured creditor under 11 U.S.C. § 506(a), and as a consequence, the IRS is not entitled to adequate protection. The Court addressed this argument in its Decision and Order Modifying the Automatic Stay. Section 362(d)(1) states that the stay can be terminated for cause, including the lack of adequate protection of "an interest in property." Section 362(d)(1) does not require the IRS to be the holder of a secured claim as determined by § 506(a) to be entitled to adequate

---

[4] *See* Decision and Order Modifying Automatic Stay, Docket No. 66 at 4-5:

> "It is firmly established in case law that a 'federal tax lien attaches to a then existing right to receive property in the future.'" *In re Wesche*, 193 B.R. 76, 77 (Bankr. M.D. Fla. 1996) (citation omitted) (holding that IRS lien attached to debtor's post-petition pension payments); *see In re Anderson*, 250 B.R. 707, 710 (Bankr. D. Mont. 2000) (holding that pre-petition federal tax liens attach to post-petition Social Security benefits); *In re Morris*, 1993 WL 525657 (Bankr. W.D. Tenn. 1993) (federal tax lien attached to "right to property" in Social Security disability benefits before issuance of check); *Wessel v. United States (In re Wessel)*, 161 B.R. 155, 159-60 (Bankr. D.S.C. 1993) (federal tax lien attached to post-petition annuity payments because contractual right to receive those payments arose pre-petition); *see also Pansier v. United States*, 225 B.R. 657 (E.D. Wis. 1998) (collecting cases and stating that "when a debtor has an unqualified right to receive certain payments, such as disability benefits, prior to the date on which he files bankruptcy, the right to receive those future payments constitutes 'property,' or at least a 'right to property,' acquired pre-petition for purposes of section 6321.").

protection. Section 362(d)(1) merely requires the IRS to have "an interest in property." The Debtors offered no proposal to adequately protect the IRS's lien on the Debtors' Social Security benefits, so the Court modified the stay. No further argument has been developed by the Debtors in their motion requesting a stay pending appeal, so the Debtors have failed to demonstrate a likelihood of success on the merits of this issue on appeal.

The third issue that the Debtors intend to raise on appeal is also not entirely clear from the motion that has been filed. The Debtors state in their motion:

> . . . the IRS does not have any secured interest outside the bankruptcy estate that will survive the bankruptcy discharge, the IRS is not entitled to adequate protection. The debtors assert the IRS can not [sic] enforce an *in rem* collection against future Social Security benefits as a matter of law. The only basis therefore the IRS has to collect against a Debtor's future Social Security benefits is to enforce an *in personam* collection action. However, when the debtors filed bankruptcy, the automatic stay under 11 U.S.C. § 362 should prevent the IRS's enforcement of any *in personam* collection against their future Social Security benefits.

Docket No. 79 at 2.

Like the Debtors' other arguments, this argument is undeveloped. The lack of development of this argument is sufficient grounds for the Court to deny the motion due to the Debtor's failure to demonstrate a likelihood of success on the merits of this issue on appeal.

Even if the Debtors had developed this argument in their motion, their motion for a stay pending appeal would still need to be denied because the argument does not have a likelihood of success. Contrary to the Debtors' assertion, the IRS's lien on the Debtors' Social Security benefits would survive a discharge.

A bankruptcy discharge relieves a debtor of personal liability for a debt, but a creditor with a lien can collect *in rem* against the debtor's property. 11 U.S.C. § 524(a)(2); *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991); *In re Isom*, 901 F.2d 744 (9th Cir. 1990). In this

6

Case 22-21161-kmp    Doc 100    Entered 06/16/23 15:26:51    Page 6 of 17

protection. Section 362(d)(1) merely requires the IRS to have "an interest in property." The Debtors offered no proposal to adequately protect the IRS's lien on the Debtors' Social Security benefits, so the Court modified the stay. No further argument has been developed by the Debtors in their motion requesting a stay pending appeal, so the Debtors have failed to demonstrate a likelihood of success on the merits of this issue on appeal.

The third issue that the Debtors intend to raise on appeal is also not entirely clear from the motion that has been filed. The Debtors state in their motion:

> . . . the IRS does not have any secured interest outside the bankruptcy estate that will survive the bankruptcy discharge, the IRS is not entitled to adequate protection. The debtors assert the IRS can not [sic] enforce an *in rem* collection against future Social Security benefits as a matter of law. The only basis therefore the IRS has to collect against a Debtor's future Social Security benefits is to enforce an *in personam* collection action. However, when the debtors filed bankruptcy, the automatic stay under 11 U.S.C. § 362 should prevent the IRS's enforcement of any *in personam* collection against their future Social Security benefits.

Docket No. 79 at 2.

Like the Debtors' other arguments, this argument is undeveloped. The lack of development of this argument is sufficient grounds for the Court to deny the motion due to the Debtor's failure to demonstrate a likelihood of success on the merits of this issue on appeal.

Even if the Debtors had developed this argument in their motion, their motion for a stay pending appeal would still need to be denied because the argument does not have a likelihood of success. Contrary to the Debtors' assertion, the IRS's lien on the Debtors' Social Security benefits would survive a discharge.

A bankruptcy discharge relieves a debtor of personal liability for a debt, but a creditor with a lien can collect *in rem* against the debtor's property. 11 U.S.C. § 524(a)(2); *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991); *In re Isom*, 901 F.2d 744 (9th Cir. 1990). In this

case, if the Debtors successfully complete their Chapter 13 plan by making five years of payments, the taxes are arguably dischargeable.[5] If the taxes are discharged under 11 U.S.C. § 1328(a), the IRS would be prevented from taking any action to collect the tax debt owed by the Debtors to the IRS as a personal liability of the Debtors. However, the IRS's statutory lien on "all property and rights to property" as provided by 26 U.S.C. § 6321 (*i.e.*, the Debtors' *in rem* liability) would survive the bankruptcy discharge.

The timing of a debtor's acquisition of "property" or "rights to property" is critically important to whether the IRS's statutory lien on that property or right to property survives a bankruptcy discharge. After a debtor receives a discharge of his or her personal liability for unpaid taxes, the IRS retains a lien only on "all property and rights to property" that the debtor possessed pre-petition. *See In re Dishong*, 188 B.R. 51, 54 (Bankr. M.D. Fla. 1995) ("Any valid, federal tax lien survives *in rem* against the property it attached to prepetition."); *Fonseca v. Government Employees Assoc.*, 542 B.R. 628, 638 (B.A.P. 1st Cir. 2015) (lien can only attach "to property that the debtor owned, or had rights to, at the time of the filing of the bankruptcy petition."). The IRS's statutory lien on dischargeable taxes does not attach to "property" or "rights to property" the debtor acquired post-petition. *See Dishong*, 188 B.R. at 55 ("[T]he tax lien based on dischargeable taxes does not survive to attach postpetition to [d]ebtor's after acquired property."); *Fonseca*, 542 B.R. at 638 (lien "does not survive to attach [to] the debtor's property that is acquired after filing the bankruptcy petition."); *United States v. Fuller*, 134 B.R. 945 (B.A.P. 9th Cir. 1992) (holding that pre-petition federal tax lien did not attach to inheritance

---

[5] The Court assumes for the purposes of this discussion that the Debtors' personal liability for the taxes they owe to the IRS would be dischargeable, but the Court does not decide this question. Certain taxes are not dischargeable in a Chapter 13, such as the taxes described in 11 U.S.C. § 507(a)(8)(C) (certain trust fund taxes), § 523(a)(1)(B) (taxes for which a return was not filed or was filed late and within the two-year period before the bankruptcy case), or § 523(a)(1)(C) (taxes for which a debtor filed a fraudulent return or taxes the debtor willfully attempted in any manner to evade or defeat). *See* 11 U.S.C. § 1328(a)(2). The IRS could theoretically still challenge the discharge of the Debtors' personal liability for the taxes they owe to the IRS under 11 U.S.C. § 523.

7

received post-petition); *United States v. Sanabria*, 424 F.2d 1121 (7th Cir. 1970) (interpreting Bankruptcy Act and holding discharge prevented federal tax lien from attaching to property debtor acquired after bankruptcy).

As best the Court can tell from what the Debtors have stated in their motion, it appears that the Debtors intend to argue on appeal that: (1) the Debtors do not acquire a "right to property" in their Social Security benefits until they survive until the end of the month and actually receive funds; (2) at the time this bankruptcy case was filed, the IRS only had a lien on the Social Security benefits the Debtors had received pre-petition; (3) during the Debtors' bankruptcy case, the automatic stay[6] prevents the IRS's statutory tax lien from attaching to the Social Security benefits that the Debtors receive post-petition; and (4) a discharge will prevent the IRS's statutory lien from attaching to the Social Security benefits received by the Debtors after their discharge.

The Debtors have not demonstrated a likelihood of success on appeal on this issue. The Debtors' argument contains an erroneous assumption that the IRS's tax lien does not attach to the Social Security benefits until the Debtors survive until the end of the month and those payments are made each month. The Internal Revenue Code provides that the IRS has a tax lien on "all property and rights to property" and that such lien arises at the time the assessment is made and continues until the taxpayer's liability is satisfied or becomes unenforceable by reason of lapse of time. 26 U.S.C. §§ 6321-6322; *National Bank*, 472 U.S. at 719. The lien attaches to the taxpayer's property and rights to property as of the moment of assessment. 26 U.S.C. § 6322.

---

[6] Section 362(a) stays "any act to create, perfect, or enforce any lien against property of the estate" and stays "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(4)-(5).

8

It is "firmly established in case law that a 'federal tax lien attaches to a then existing right to receive property in the future.'" *In re Wesche*, 193 B.R. 76, 77 (Bankr. M.D. Fla. 1996) (citation omitted). Numerous cases find that the right to obtain funds or future payment is "property" or a "right to property" to which a federal tax lien attaches at the time of assessment. *Pansier v. United States*, 225 B.R. 657, 664 (E.D. Wis. 1998) ("When a debtor has an unqualified right to receive certain payments . . . prior to the date on which he files bankruptcy, the right to receive those future payments constitutes 'property,' or at least a 'right to property,' acquired pre-petition for purposes of section 6321."); *Wessel v. United States (In re Wessel)*, 161 B.R. 155, 159-60 (Bankr. D.S.C. 1993) ("as the federal tax liens attached to the plaintiff's right to receive the annuity payments prior to his filing his petition in bankruptcy, the federal tax liens continue to attach to his contractual right to receive annuity payments"); *Wesche*, 193 B.R. 76 (holding that IRS lien attached to debtor's right to receive his pension payments prior to filing his bankruptcy petition and therefore, the liens continued to attach to his right to receive the pension payments post-petition); *In re Tillery*, 204 B.R. 575, 577 (Bankr. E.D. Okla. 1996) (holding that tax lien attached to post-petition pension payments because at time debtor filed bankruptcy petition debtor had right to receive future pension payments and that right was a property right); *In re Blackerby*, 208 B.R. 136 (Bankr. E.D. Pa. 1997) (holding that debtor's right to receive future payments of renewal commissions was "property" acquired pre-petition to which the federal tax lien attached); *In re Anderson*, 250 B.R. 707, 710 (Bankr. D. Mont. 2000) (holding that pre-petition federal tax liens attach to post-petition Social Security benefits); *Bailey*, 574 B.R. at 18-19 (granting IRS relief from stay because federal tax lien attached to debtor's right to receive future payments from his pension and Social Security benefits); *In re*

*Morris*, 1993 WL 525657 (Bankr. W.D. Tenn. Dec. 17, 1993) (holding that federal tax lien attached to "right to property" in Social Security disability benefits before issuance of check); *St. Louis Union Tr. Co. v. United States*, 617 F.2d 1293, 1301-02 (8th Cir. 1980) ("[t]he unqualified contractual right to receive property is itself a property right subject to seizure by levy, even though the right to payment of the installments has not matured at the time of the levy").

In addressing the issue of whether a tax lien attaches to future payments, one court stated:

> Debtors argue that the [IRS] lien cannot attach to a right to receive property in the future. This is legally erroneous and based upon a mischaracterization of rights, rather than any legal concept. Indeed, debtors have presented no authority, evidence, or even argument in support of this assertion. . . . Charles Cook has a present right to receive payments in the future, which is a "right to property" to which the tax lien attaches . . . The right to future benefits exists in the present, and, most importantly, existed on the date of the filing of the petition in bankruptcy. Accordingly, the federal tax lien attached to all of Cook's rights in the pension benefits, including the right to future payments . . . The United States, thus, is secured to the extent of the present value of Cook's retirement benefits.

*In re Cook*, 150 B.R. 439, 440-41 (Bankr. E.D. Ark. 1993).

In rejecting another debtor's argument that the IRS only has a lien on the amount of one month's pension payment, not the right to receive future payments, another court stated:

> In its research, the Court did not discover any cases that did support Debtor's argument. The case law seems clear cut. IRS tax liens do attach to post-petition pension payments and are valued at the present actuarial value of the debtor's future stream of payments. This is not a case in which there are two or more lines of cases where the Court could choose to follow the majority or minority rule. There is no other rule than that detailed in the above cases. The Court will follow the reasoning in the previously cited cases, and hold that the IRS lien does attach to Mr. Wesche's post-petition pension payments . . .

*Wesche*, 193 B.R. at 79.

Revenue Ruling 55-210 further supports a holding that the IRS's federal tax lien in this case attached to the Debtors' right to receive their Social Security benefits prior to filing this bankruptcy case. That ruling states:

> Where a taxpayer has an unqualified fixed right, under a trust or a contract, or through a chose in action, to receive periodic payments or distributions of property, a Federal lien for unpaid tax attaches to the taxpayer's entire right, and a notice of levy based on such lien is effective to reach, in addition to payments or deductions then due, any subsequent payments or distributions that will become due thereunder.

The Debtors cited to *Berg v. Social Security Administration*, 900 F.3d 864 (7th Cir. 2018) in support of their position that the IRS's tax lien does not attach to the Social Security benefits until those payments are made each month. In *Berg*, a Chapter 7 debtor brought an adversary proceeding to recover Social Security disability benefits which had been the subject of a pre-petition setoff by the Social Security Administration. The Seventh Circuit held that the debtor was entitled to recover the portion of the disability benefits set off against her pre-existing obligation for past overpayment of disability insurance benefits during the ninety-day preference period to the extent the Social Security Administration improved its position. In determining the difference between any insufficiency (*i.e.*, the amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of the claim) in the Social Security Administration's position ninety days before the bankruptcy filing and its position as of the date of setoff, the court analyzed when the Social Security Administration began to owe benefits to the debtor. The court stated, "Under the Social Security Act, . . . a beneficiary has a right to payment of benefits as soon as the beneficiary survives to the end of the month that the beneficiary is eligible for benefits." *Id.* at 870. The accrual of the debtor's benefits occurred on

11

the dates she had a right to benefits, or the last day of each month that she was eligible for benefits and survived to the end of the month. Ninety days before the filing of her bankruptcy petition, the debtor had accrued benefits in the amount of $17,385. At that point, the debtor owed the Social Security Administration $19,400 in overpayments of benefits. The insufficiency (*i.e.*, the amount by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of the claim) ninety days before the debtor's bankruptcy filing was thus $2,015. Since there was no insufficiency on the date of the setoff, the court found that the Social Security Administration had improved its position by $2,015 during the preference period and therefore the debtor was entitled to recover that amount.

It is true that the *Berg* case does state that "Under the Social Security Act, . . . a beneficiary has a right to payment of benefits as soon as the beneficiary survives to the end of the month that the beneficiary is eligible for benefits." *Berg*, 900 F.3d at 870. However, the *Berg* court was looking at the Social Security payments in the context of a preference claim, a setoff, and an insufficiency claim. The *Berg* court needed to determine the extent that the Social Security Administration improved its position during the ninety-day preference period. To do that, it needed to analyze the amount by which the Social Security Administration's claim against the debtor due to the overpayment of the benefits exceeded the amount owed to the debtor by the Social Security Administration for her accrued benefits. The *Berg* court needed to quantify the actual benefits the debtor accrued in the ninety days leading up to the filing of the debtor's bankruptcy petition. The court was not asked in *Berg* to decide whether a debtor's right to receive Social Security payments is a "right to property" under 26 U.S.C. § 6321 or whether a debtor's right to future Social Security benefits had already been acquired and existed on the date the debtor filed her bankruptcy petition.

12

As the cases cited above show, and recognizing that Congress has created a "formidable arsenal" of tools to ensure the collection of taxes, the Debtors' right to receive payments from the Social Security Administration is a "right to property" under 26 U.S.C. § 6321. The Debtors already had a right to future Social Security benefits on the date that they filed their bankruptcy petition. Therefore, the federal tax liens attached to the Debtors' rights to receive payments from the Social Security Administration, including the Debtors' rights to future payments, prior to the filing of their bankruptcy petition. Any discharge entered in this case would only discharge the Debtors' personal liability for the taxes owed to the IRS. The IRS's statutory lien would survive *in rem* against the Debtors' rights to receive payments from the Social Security Administration because the federal tax lien attached pre-petition to the Debtors' rights to receive those payments.

In this case, the IRS has an "interest in property" in the form of its lien on the Debtors' right to Social Security benefits and that interest must be adequately protected or else the IRS is entitled to relief from the automatic stay. 11 U.S.C. § 362(d). That lien arose pre-petition and it will survive a discharge under § 1328(a) in this case. The Debtors are proposing to use the Social Security payments, which are subject to the IRS's tax lien, to make their plan payments. In essence, the Debtors want to use the IRS's collateral to fund their plan and pay their expenses and their creditors, except for the IRS, and they offer no adequate protection to the IRS in return for spending its collateral. Because the Debtors have not proposed adequate protection of the IRS's "interest in property," the IRS was entitled to relief from the automatic stay. The Debtors have failed to demonstrate a likelihood of success in showing on appeal that this Court erred in deciding that the IRS's tax lien provided by 26 U.S.C. § 6321 attached pre-petition to the Debtors' right to receive Social Security payments.

The fourth and final issue that the Debtors intend to raise on appeal is that the "IRS's levying of the Social Security benefits contravenes the Social Security Act under 42 U.S.C. § 407(a)." Docket No. 79 at 2-3. The Debtors also have not shown a likelihood of success on appeal on this issue. First, the Debtors have arguably waived this argument since it was not made to this Court in opposition to the IRS's motion for relief from stay. *In re Sokolik*, 635 F.3d 261, 268 (7th Cir. 2011) (holding that issue not raised in bankruptcy court was waived at district court level "since to find otherwise would permit a litigant simply to bypass the bankruptcy court"); *In re Weber*, 25 F.3d 413, 416 (7th Cir. 1994) (holding that Seventh Circuit will not hear argument that was not made to bankruptcy court and noting that "to encourage parties to resolve disputes at trial, rather than on appeal, . . . we require them to lay their cards on the table sooner.").

Even if the Debtors had not waived this argument, the Debtors are incorrect when they argue that the IRS is not permitted to levy under the Social Security Act. The Social Security Act does state that Social Security payments or rights to payments are not subject to execution, levy, attachment, or other legal process. 42 U.S.C. § 407(a). The Social Security Act goes on to state that no other provision of law can limit this restriction unless it does so by making an express reference to § 407. 42 U.S.C. § 407(b). The Internal Revenue Code does just that; it limits the general restriction of the Social Security Act by making an express reference to § 407. It states:

> Notwithstanding any other law of the United States (including section 207 of the Social Security Act),[7] no property or rights to property shall be exempt from levy other than the property specifically made exempt in subsection (a).

26 U.S.C. § 6334(c).

---

[7] Section 207 of the Social Security Act has been codified as 42 U.S.C. § 407.

14

Section 6334(a) enumerates the property that is exempt from an IRS levy. 26 U.S.C. § 6334(a)(1)-(13). Only supplemental security income benefits under Title IV or Title XVI of the Social Security Act are exempt from a tax levy. 26 U.S.C. § 6334(a)(11). Disability and retirement benefits under Title II of the Social Security Act, like the Debtors receive in this case, are not listed amongst the exemptions.

Despite the Debtors' argument to the contrary, the IRS can levy Social Security benefits. *Eversole v. Internal Revenue Service*, 690 F. App'x 469, 470 (9th Cir. 2017) (affirming dismissal of case because IRS has authority to levy Social Security disability insurance benefits); *Maehr v. Koskinen*, 664 F. App'x 683, 684 (10th Cir. 2016) ("Appellant's argument that his Social Security retirement benefits cannot be levied under 42 U.S.C. § 407(a) ignores the fact that this provision is expressly superseded by 26 U.S.C. § 6334(c) in the tax-collection context."); *O'Donnell v. United States*, 2014 WL 5350448, at *3 (S.D. Ill. Oct. 21, 2014), *aff'd*, 611 F. App'x 879 (7th Cir. 2015) ("a levy may seize a future stream of payments to which the taxpayer has an unqualified fixed right" and there is "nothing wrong with" the IRS's levy on plaintiff's "right to receive future social security or pension payments."). The Debtors have not demonstrated a likelihood of success on the merits on this issue on appeal.

Due to the Debtors' failure to show that they will suffer "irreparable harm" absent a stay and due to the Debtors' failure to show that they have a likelihood of success on the merits on the four issues that they intend to raise on appeal, the Debtors' motion for a stay pending appeal is denied.

The Debtors also seem to request in their motion that the Court enter an "injunction" while the appeal is pending as provided under Rule 8007 of the Federal Rules of Bankruptcy Procedure.[8] The Debtors' motion states that they "move this court for an order to stay, or *entry*

---

[8] *See supra* note 1.

*of injunction*, the bankruptcy court's March 3, 2023 decision granting relief of the automatic stay to the Internal Revenue Service to levy the debtors' Social Security benefits pending the outcome of the debtors' appeal." Docket No. 79 at 1 (emphasis added).

It is entirely unclear from the motion what the Court is being asked to enjoin and the authority under which that request is being made. The Court is not even sure whether the Debtors are actually moving for an injunction. Other than stating in their motion that they would like an "entry of injunction," the Debtors have not specified what actions they would like the Court to command the IRS to take or what actions they would like the Court to forbid the IRS from taking.

Additionally, even if the Court were to speculate about an injunction the Debtors might want the Court to enter, the Debtors have not identified any authority under which the Court could direct the IRS to stop its levy. As the IRS argues in its brief, a request that the Court order the IRS to stop its levy or order the Social Security Administration to pay Social Security benefits to the Debtors could implicate the Anti-Injunction Act and/or the doctrine of sovereign immunity. The Debtors have not briefed either issue.

Before the Court granted relief from stay to the IRS, the IRS had requested that the Social Security Administration freeze the Debtors' benefits in accordance with *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995). Docket No. 85 at 3. Perhaps the Debtors want an order from this Court directing the Social Security Administration to pay them their benefits while this appeal is pending so that they can pay their expenses and make payments towards a Chapter 13 plan that would pay creditors (other than the IRS). The Debtors did not articulate this in their motion, but if this is what they are seeking, such a request goes far beyond asking the Court for a stay pending appeal to maintain the status quo until the appeal is decided, and the Debtors have not offered any authority in support of such a request.

16

The Debtors have not demonstrated irreparable harm or a likelihood of success on the merits of their appeal. As a result, the Debtors are not entitled to a stay of this Court's decision granting the IRS relief from the automatic stay or an injunction, whatever undefined injunction the Debtors might be seeking. Accordingly,

IT IS THEREFORE ORDERED: the Debtor's Motion for a Stay or an Injunction Pending Appeal is denied.

#####